UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LLOYD T. KEARNS and DORIS T. KEARNS,<br><br>               Debtor(s)<br>_____<br>SUSAN K. SMITH, in her capacity as Chapter 7 trustee for the Estate of Kearns,<br><br>               Plaintiff(s),<br><br>v.<br><br>LLOYD T. KEARNS and DORIS T. KEARNS,<br><br>               Defendant(s)<br>_____ | Case No. 10-40570-C-7<br><br>Adversary No. 10-2700<br><br><br><br>FILED<br><br>FEB 08 2012<br><br>UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA |

**MEMORANDUM DECISION REGARDING MOTION FOR DEFAULT JUDGMENT**

This adversary proceeding was filed November 5, 2010, by Susan K. Smith, in her capacity as chapter 7 trustee for the estate of Kearns, seeking to object to discharge under 11 U.S.C. §§ 727(a)(2)(B), (a)(3), (a)(4)(A), and (a)(4)(B).

An answer was filed December 17, 2010, on behalf of the defendants at a time they were represented by counsel. The defendants now represent themselves. Default was entered against the defendants on November 22, 2011, on account of their failure to appear at status conferences pursuant to orders entered by the court.

The matter was set for hearing on default judgment to be held December 20, 2011. On December 20, 2011, defendant Lloyd Kearns appeared telephonically. Mr. Kearns indicated that he and his wife had moved to the State of Washington, that it was too expensive for him to travel to the Eastern District of California for a trial, and that most of his time was consumed caring for his spouse, who is ill.

Mr. Kearns stated that he wished to have his side of the situation heard and indicated his theory that the various problems in the case were attributable to the poor performance of their lawyers rather than to any inappropriate intent on their part.

The court specified that Mr. Kearns would be allowed to testify by telephone if counsel for the plaintiff agreed to that procedure. Plaintiff's counsel did so agree. Accordingly, the matter was continued for trial to February 6, 2012, at 1:30 p.m. Mr. Kearns was specifically advised that he could appear by telephone and testify by telephone and that if he did not appear, the court would proceed on a default judgment basis.

At the appointed time on February 6, 2012, Mr. Kearns did not appear. Instead, a letter dated February 3, 2012, was presented asking for a further continuance. In light of the long history of this proceeding and of the comparatively small burden of testifying under oath by telephone to explain the defendants' side of the story, the court elected to exercise its discretion to proceed on a default judgment basis as previously indicated. This was done with considerable reluctance as this court ordinarily prefers to be generous with continuances, particularly

with self-represented parties. Nevertheless, in this instance, there had been so many such instances that the court was persuaded that the interests of justice are served by proceeding on a default judgment basis in the manner that the court had previously explained to the defendants. Accordingly, the court proceeded with a default judgment hearing.

At the default judgment hearing, the trustee Susan Smith testified and proffered evidence that the court was satisfied constitutes admissible evidence.

FACTS

This case was filed on August 2, 2012. Susan Smith is the chapter 7 trustee. The evidence establishes that the debtors filed four sets of schedules and three sets of Statement of Financial Affairs.

The first two sets of schedules and Statement of Financial Affairs filed August 2, 2012, and September 23, 2010, omitted from Schedule B seven interests in property consisting of unimproved real property in Deming, New Mexico, valued at $400, unimproved real property in Parowan, Utah, valued at $1,000, a timeshare in Kailua-Kona, Hawaii, valued at $3,000, a timeshare in San Francisco, California, valued at $5,000, a timeshare in New Orleans, Louisiana, valued at $19,000, a timeshare in Tacoma, Washington, valued at $3,000, and a tenant in common interest in property in San Marcos, Texas, ultimately valued at $77,000 and sold by the trustee for $61,250.

The Statement of Financial Affairs did not disclose that the debtors made transfers to one Anthony Zaca during the period

- 3 -

1  March 23, 2010, through July 23, 2010, in the total amount of
2  $37,100.  Question 3 and 10 of the Statement of Financial Affairs
3  required that such transfers be identified.
4      The debtors did not disclose that they received on July 21,
5  2010, $122,675.15 from the sale of real property commonly known
6  as 635 5th Street, Woodland, California.  Question 10 of the
7  Statement of Financial Affairs requires that the sale be
8  identified.
9      None of the three Statements of Financial Affairs filed by
10 the debtors identified that they transferred $94,000 to their
11 grandson Zachary Smith on July 23, 2010, ten days before filing
12 their chapter 7 case.
13     Questions 3, 7, and 10 of the Statement of Financial Affairs
14 necessarily encompasses this transfer as either payment to a
15 creditor, a gift, or an "other" transfer.

## CONCLUSIONS OF LAW

    Two adequate, independent theories support denial of
discharge under 11 U.S.C. § 727.


                                A

    First, if the aforesaid transfers were made within ninety
days before the filing of this chapter case on August 2, 2010,
and, second, if the transfers were made within one year before
the filing of the petition with the intent to hinder, delay, or
defraud a creditor or an officer of the estate charged with
custody of property, e.g., the chapter 7 trustee.  11 U.S.C.
§ 727(a)(2).

The sale of 635 5th Street, Woodland, California, on July 21, 2010, and the transfers of $94,000 to the debtors' grandson Zachary Smith and of $16,000 to Anthony Zaca within ten days before filing the chapter 7 case are particularly probative of the possibility of intent.

The debtors signed their petition and schedules on July 28, 2010. The Statement of Financial Affairs indicates that the debtors' paid $2,500 to their bankruptcy counsel Abdallah Law Group on May 11, 2010, and that they received the required consumer credit counseling on July 1, 2010, according to their Certificate of Counseling filed pursuant to 11 U.S.C. § 109(h). In other words, it is apparent from theses dates that the debtors on July 21, 2010, expected to be filing a chapter 7 case.

The sale and the transfers to the grandson Zachary Smith and to Anthony Zaca are particularly probative of intent, at a minimum, to hinder or to delay the trustee. This court is persuaded that the debtors knew that if the proceeds of the sale were in their grandson's account at the time of the filing of the chapter 7 case, the proceeds unambiguously would have been property of the estate under the control of the chapter 7 trustee. This is sufficient to establish the requisite intent to hinder or to delay. Creative Recreational Systems v. Rice (In re Rice), 109 B.R. 405, 408-09 (Bankr. E.D. Calif. 1980), aff'd, 126 B.R. 822 (9th Cir. BAP 1981). Accordingly, discharge will be denied pursuant to 11 U.S.C. § 727(a)(2)(A).

B

In addition, as an adequate, independent theory, discharge may be denied if the debtor has knowingly and fraudulently, in or in connection with the case, made a false oath or account. 11 U.S.C. § 727(a)(4)(A). The omissions of property in the first and second Statement of Financial Affairs each independently qualify for an admission that is a product of a false oath or account.

The oath or account must be material. The fact that the tenant in common interest in property in San Marcos, Texas, was sold by the trustee for $61,250 satisfies the materiality requirement. In addition, the Statement of Financial Affairs was made under oath, and none of the three versions identifies the sale of the Woodland, California, property seven days before the debtors executed their schedules and twelve days before their case was filed. Similarly, transfers of $94,000 to the debtors' grandson and $16,000 to Mr. Zaca after receiving the sale proceeds warrant the inference that the Statement of Financial Affairs contains false oaths by omitting those matters in response to the questions that required their disclosure. The court is persuaded in the context of the timing that these omissions were knowing and were intended to mislead and, hence, were knowing and fraudulent within the meaning of § 727(a)(4)(A). Accordingly, discharge will be denied on that account as well.

C

The court is mindful that the debtors have suggested during the course of this adversary proceeding that responsibility for

Case 10-02700    Filed 02/08/12    Doc 40

the omissions are to be laid at the feet of their counsel and have indicated that they believe they are being unfairly pursued by the trustee.

The court of appeals in this circuit has recognized that good faith reliance on advice of counsel may occasionally be a defense to an objection of discharge. However, the court of appeals in that decision emphasized that the debtor must make a good faith effort to recover property inappropriately transferred and actually suggested doing so. First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1343 & 1346 (9th Cir. 1986), In re Rice, 109 B.R. 408-09.

In this instance, the debtors did not make corrective action when the problem arose and have never corrected the three defective Statements of Financial Affairs. Accordingly, under Adeeb, advice of counsel is not a defense in this instance to denial of discharge. This court expresses no view about whether counsel might be liable to the debtors for malpractice.

Accordingly, discharge will be denied. An appropriate default judgment will issue.

Dated: February 7, 2012

_____
UNITED STATES BANKRUPTCY JUDGE

- 7 -

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office

J Russell Cunningham
1830 15th St
Sacramento, CA 95811

Lloyd T Kearns
920 First St
Woodland, CA 95695

Doris T Kearns
920 First St
Woodland, CA 95695

Lloyd T Kearns
9735 138th Avenue SE
Rainier, WA 98576

Doris T Kearns
9735 138th Avenue SE
Rainier, WA 98576

Dated 2/8/12

_____
DEPUTY CLERK